NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0328n.06

No. 17-3950

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jul 03, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| RICHARD PURNELL, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| Defendant-Appellant. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| | ) | |
| | ) | |

BEFORE:     BOGGS and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

**BOGGS, Circuit Judge**. In September 2016, Richard Purnell was convicted of one count of sex trafficking a child, in violation of 18 U.S.C. § 1591(a)(1). Prior to sentencing, Purnell filed a motion for a new trial, in which he argued that the district court had violated his Fifth Amendment right to a grand-jury indictment by constructively amending his indictment in its jury instructions.[1] The United States District Court for the Northern District of Ohio denied the motion and sentenced

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1] In his motion for a new trial, Purnell also argued that (1) "his rights to Compulsory Process and to present a defense pursuant to the Sixth Amendment and his right to Due Process were violated when the government intimidated a willing defense witness to not testify on Mr. Purnell's behalf" and (2) the jury instructions violated the Due Process Clause of the Fifth Amendment because they included a phrase that was impermissibly vague. On appeal, however, Purnell does not raise the first objection at all and mentions the second one only fleetingly. *See* Appellant Br. 15 ("By allowing the jury to find that Mr. Purnell had a reasonable opportunity to observe L.V. in order to satisfy the *mens rea* of the offense, *without setting any parameters for what is 'reasonable' or what constitutes an[] 'observation*,' the court violated Mr. Purnell['s] right to hold the government to its burden of proof[.]" (emphasis added)). We therefore limit our review to the question of whether Purnell's indictment was constructively amended by the court's jury instructions. *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("[A]rguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.").

Purnell to 210 months in prison, to be followed by supervised release for 15 years. Purnell now appeals the denial of his motion for a new trial and requests that we vacate his sentence.

For the reasons given below, we affirm the judgment of the district court.

I

In the fall of 2015, Richard Purnell solicited and engaged in commercial sex with an escort named "Lovely" whom he met through Backpage.com. Although "Lovely" described herself as a 19-year-old college student, she was, in fact, a 14-year-old runaway named L.V. According to L.V., by early November 2015, she had told Purnell her true age.

On May 6, 2016, Purnell was arrested after he responded to a Backpage.com advertisement posted by an FBI agent posing as "Lovely." Ten days later, a federal grand jury returned the following indictment:

> From in or about October 2015, and continuing to on or about May 6, 2016, in the Northern District of Ohio, Eastern Division, defendant RICHARD PURNELL, did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and [*sic*] solicit, by any means, in and affecting interstate and foreign commerce, a person, namely Victim #1, [i.e., L.V.,] knowing and [*sic*] in reckless disregard of the fact that Victim #1 had not attained the age of 18 years and that [she] would be caused to engage in a commercial sex act, all in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2).

Because Purnell acknowledged that he had solicited "Lovely" through Backpage.com for the purpose of engaging in commercial sex, the only question at trial was whether he knew or was in reckless disregard of the fact that L.V. was younger than 18 years of age during that time.

At the close of evidence—and over the objection of defense counsel—the district court instructed the jury that it could "consider whether the defendant had a reasonable opportunity to observe" L.V. when deciding whether Purnell satisfied the *mens rea* element of 18 U.S.C. § 1591(a)(1). More specifically, the court instructed:

The second element of the offense that the government must prove beyond a reasonable doubt is that the defendant knew or was in reckless disregard of the fact that Victim Number 1 was under the age of 18.

A[.] the phrase "reckless disregard of the fact" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the victim was under the age of 18. *In evaluating this element, you may consider whether the defendant had a reasonable opportunity to observe Victim Number 1.*

Keep in mind the government may prove this element by proof beyond a reasonable doubt of one of the following:

A[.] that the defendant actually knew that Victim Number 1 was under the age of 18, or

B[.] that the defendant was in reckless disregard of the fact that Victim Number 1 was under the age of 18.

(emphasis added).  Four days later, on September 6, 2016, the jury convicted Purnell of the offense.

Shortly thereafter, Purnell filed a motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33.  In relevant part, Purnell reiterated his objection to the district court's "reasonable opportunity to observe" instruction, arguing that it had "created an effective amendment of the Indictment" by incorporating a theory of liability contained in the following, uncharged subsection of 18 U.S.C. § 1591:

In a prosecution under subsection (a)(1) in which the defendant *had a reasonable opportunity to observe the person* so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

18 U.S.C. § 1591(c) (emphasis added).  In light of this alleged error, Purnell requested that his conviction be vacated.

The district court rejected Purnell's motion, stating that the jury had been clearly instructed that the government was required to prove beyond a reasonable doubt that Purnell either knew or

recklessly disregarded L.V.'s age. On September 7, 2017, after final judgment was entered, Purnell filed a timely notice of appeal.

II

We review a district court's decision to deny a motion for a new trial for abuse of discretion. *United States v. Arny*, 831 F.3d 725, 730 (6th Cir. 2016). A district court abuses its discretion "when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *Ibid.* (quoting *United States v. Dado*, 759 F.3d 550, 559 (6th Cir. 2014)). That said, where a defendant has raised a constructive-amendment claim before the district court, we review it de novo. *United States v. Kuehne*, 547 F.3d 667, 682 (6th Cir. 2008).

In general, modifications to indictments take one of two forms: as actual amendments or as variances. *See United States v. Hynes*, 467 F.3d 951, 961 (6th Cir. 2006). Actual amendments occur "when the prosecutor actually changes the text of the indictment" after the grand jury has last passed on it, *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007), whereas variances result "when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment[,]" *United States v. Combs*, 369 F.3d 925, 935–36 (6th Cir. 2004) (quoting *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989)). This distinction matters because only the former are per se prejudicial—and, thus, only amendments automatically entitle a defendant to a reversal of his conviction. *Combs*, 369 F.3d at 935–36; *see also United States v. Mize*, 814 F.3d 401, 409 (6th Cir. 2016).

Between these two categories lies a hybrid form of modification, namely, constructive amendments. *Combs*, 369 F.3d at 936. A constructive amendment occurs when:

> the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.

*Budd*, 496 F.3d at 521 (quoting *United States v. Smith*, 320 F.3d 647, 656 (6th Cir. 2003)). In short, a constructive amendment is a variance that rises to the level of an amendment "because, like an actual amendment, it infringes upon the Fifth Amendment's grand jury guarantee." *United States v. Barrow*, 118 F.3d 482, 489 (6th Cir. 1997). Accordingly, a constructive amendment is also per se prejudicial, *ibid.*, although as with all variances, the defendant bears the burden of proving that it happened, *Hynes*, 467 F.3d at 962. When determining whether a defendant has met his burden, we limit our review to (1) the language of the indictment, (2) the evidence presented at trial, (3) the jury instructions, and (4) the verdict forms used by the jury. *Kuehne*, 547 F.3d at 683–84.

Unfortunately, this court has been less than clear regarding the conditions under which a constructive amendment occurs. According to some cases, "a constructive amendment requires a showing that the important functions of an indictment were undermined by *both* the evidence presented *and* the jury instructions." *Mize*, 814 F.3d at 409 (first emphasis added) (quotation marks and citation omitted); *see also Hynes*, 467 F.3d at 962 ("[A] defendant can prove a constructive amendment only by pointing to a combination of evidence *and* jury instructions that effectively alters the terms of the indictment and modifies the essential elements of the charged offense[.]"). According to other cases, however, a constructive amendment is possible "even in the absence of varied evidence" so long as the jury instructions "charge the jury on a separate offense that was not listed in an indictment." *Kuehne*, 547 F.3d at 685; *see also Budd*, 496 F.3d at 522 (stating that when the jury instructions differ from the indictment only in terms of the legal theory—not the facts of the offense—the "key question" is whether the two describe "alternative crimes or merely two alternative methods by which the one crime . . . could have been committed." (ellipsis in original) (quoting *United States v. Prince*, 214 F.3d 740, 758 (6th Cir. 2000))). That said, it is

generally accepted that "where the jury instructions alone differ from the indictment to charge the same crime, but on an alternative theory, a mere variance occurs and a defendant must demonstrate prejudice." *Kuehne*, 547 F.3d at 685.

Fortunately, we need not resolve this discrepancy today; regardless of the standard that is used, no constructive amendment occurred. Simply put, the district court's instructions did not alter the elements of the charged offense nor can they be construed as conveying a mandatory presumption that one who has had a reasonable opportunity to observe a minor's appearance is presumed to have been in reckless disregard of her minor status. Rather, as indicated by the court's use of the phrase "may consider," the instructions simply highlighted the type of facts that the jury could draw upon when evaluating the *mens rea* element of the charged offense. Contrary to Purnell's assertions, then, the jury instructions did not transform the crime with which he was charged into a different offense. Any lingering doubts on this matter are put to rest by reading the jury instructions as a whole. Both immediately before and after the challenged instruction, the court emphasized that the burden was on the government to prove beyond a reasonable doubt that Purnell either knew L.V. was under the age of 18 or that he recklessly disregarded that fact. There are simply no grounds, therefore, to conclude that there is a substantial likelihood that the defendant was convicted under 18 U.S.C. § 1591(c).[2]

## III

For the reasons outlined above, we **AFFIRM** the district court's denial of Purnell's motion for a new trial.

---

[2] As such, we need not decide whether 18 U.S.C. §§ 1591(a)(1) and (c) describe "alternative crimes or merely two alternative methods by which the one crime . . . could have been committed." *Budd*, 496 F.3d at 522 (ellipsis in original) (citation omitted).